IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                              CASE NO. 14-07306 (MCF)

VICTOR G GARCIA LOPEZ                               CHAPTER 11

Debtor

## OPINION AND ORDER

### I.     INTRODUCTION

The Internal Revenue Service ("IRS") seeks to reopen the instant case for the Debtor's failure to pay post-petition taxes, which is opposed by the Debtor, Victor G. Garcia Lopez ("Debtor") (Docket Nos. 276 and 283). For the reasons stated herein, the motion to reopen the case is denied.

### II.     POSITIONS OF THE PARTIES

In its motion, the IRS requests that the instant case be reopened asserting that the Debtor has failed to pay it the required post-petition self-employment taxes (Form 1040SS) for the tax years 2020, 2021 and 2022. The IRS further asserts that the Debtor's failure to timely pay his post-petition tax obligations triggers Section 1112(b)(4)(I) of the Bankruptcy Code, which allow for conversion to Chapter 7 or dismissal of the case.

The Debtor opposes the motion to reopen the case asserting that the IRS: i) does not allege a default under the terms of the confirmed plan; ii) does not allege any ill-conduct by the Debtor during the term the bankruptcy case was open; and iii) does not cite any provision of the confirmed plan with jurisdiction related to post-confirmation, post-final decree alleged grievances.

-1-

As to the IRS' specific allegation about Section 1112(b)(4)(I) expressly affording creditors post-petition default remedies, the Debtor asserts that this section creates an obligation upon a debtor in possession, which the Debtor ceased to be on July 6, 2018, when the court entered a Final Decree order closing the bankruptcy case. The Debtor further asserts that if Section 1112(b)(4)(I) is not curtailed by a final decree, such provision would continue to run endlessly to any bankruptcy procedure for an interminable period-of-time.

III. GOVERNING LAW AND ANALYSIS

Section 350(b) of the Bankruptcy Code governs the reopening of bankruptcy cases which provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). "The decision to reopen should be made on a case-by-case basis based on the particular circumstances and equities of a case, and should be left to the sole discretion of [the] bankruptcy court." In re Dalezios, 507 B.R. 54, 58 (Bankr. D. Mass. 2014)(citations & internal quotations omitted). It is well settled that the decision to reopen a case is within the sound discretion of the bankruptcy court. Mass. Dep't of Revenue v. Crocker (In re Crocker), 362 B.R. 49, 53 (B.A.P. 1st Cir. 2007). The moving party bears the *burden* of demonstrating grounds for reopening the *case*. Binette v. Bangor Sav. Bank (In re Binette), 2019 Bankr. LEXIS 914, WL 1402731, at *11 (B.A.P. 1st Cir. March 26, 2019)(emphasis in the original); Colonial Sur. Co. v. Weizman, 564 F.3d 526, 532 (1st Cir. 2009).

"Motions to reopen involve a weighing of competing policy considerations: the bankruptcy policy of providing a deserving debtor with a fresh start; and the bankruptcy policy of providing, in an expedient manner, finality to those disputes which arise between debtors and creditors." In re Gagne, 2010 Bankr. LEXIS 4706, 2010 WL 5209243, at *1 (Bankr. D. Me. Dec. 16, 2010) (citations & internal quotations omitted). Courts consider a variety of factors when deciding whether to *reopen* a case, including:

**the length of time that the case was closed [ ]; whether a non[-]*bankruptcy* forum, such as state court, has the ability to determine the issue sought to be posed by the debtor [ ]**; whether prior litigation in bankruptcy court implicitly determined that the state court would be the appropriate forum to determine the rights, post[-]bankruptcy, of the parties; whether any parties would be prejudiced were the case reopened or not reopened; the extent of the benefit which the debtor seeks to achieve by reopening; and whether it is clear at the outset that the debtor would not be entitled to any relief after the case were reopened.

In re Crocker, 362 B.R. at 53(our emphasis).

Related to the timing of a request to reopen a case, courts have focused on two distinct time frames: i) the length of time between the estate's closing and the motion to reopen; and ii) the length of time that a party waits before filing a motion to reopen. "In any event, the more time that passes before a motion to reopen is filed, the heavier the burden becomes for demonstrating that reopening is warranted."  In re One2One Communs., LLC., 627 B.R. 273 (Bankr. D.N.J. 2021)(citations & internal quotations omitted).

IV.    APPLICATION OF THE LAW

The final decree in the present case was entered on July 6, 2018.  More than five years after the issuance of the final decree order, the IRS now seeks to reopen the case so that it may be converted or dismissed pursuant to 11 U.S.C. § 1112(b).  The IRS alleges that Debtor's failure to pay self-employment taxes for tax years 2020, 2021 and 2022, justifies either conversion or dismissal.  However, the post-petition taxes that the Debtor allegedly failed to pay are post-final decree taxes. Furthermore, the IRS delayed the request to reopen the case until after the Debtor allegedly failed to pay self-employment taxes for three years.

This court finds that the present case should not be reopened given the five-year period between the estate's closing and the motion to reopen and the IRS' delay of three years in requesting the reopening.  In addition, and more importantly, the IRS has its own administrative measures to compel the payment of self-employment taxes to entertain any disputes related to this

-3-

issue; all of which would be unaffected by our denial to reopen the bankruptcy case.

V.      CONCLUSION

For the aforementioned reasons, the court will not re-open the bankruptcy case to enable the IRS to procure the dismissal of the present case for post-final decree self-employment taxes.

WHEREFORE, IT IS ORDERED that the United States of America's motion to reopen the case is denied (Docket No. 276).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of October, 2024.

_____
MILDRED CABAN FLORES
United States Bankruptcy Judge

-4-